# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY L. ALLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-21-446-D |
| CITY OF MANGUM, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 alleging a violation of his rights under the Fourth, Eighth, Sixth, and Fourteenth Amendments. *See* Compl. [Doc. No. 1]. Defendants Mary Jane Scott, Scott Paxton, and City of Mangum have each filed separate Motions to Dismiss [Doc Nos. 18, 19, 25] and Defendants Brian Ditmore and Brandon Miller have filed a Joint and Partial Motion to Dismiss [Doc. No. 24]. Plaintiff has not filed a response to any of the respective motions nor requested additional time in which to do so. Accordingly, the matter is fully briefed and at issue.[1]

---

[1] This Court's local rules permit the Court to deem unopposed motions confessed. LCvR 7.1(g). However, the Tenth Circuit has instructed that "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). Accordingly, the Court considers the merits of Defendants' motions.

## BACKGROUND

Plaintiff alleges that his constitutional rights were violated when Mangum police officers Brandon Miller and Brian Ditmore "ripped off the rear door" of his house with a steel bar, pointed tasers through the door, entered his home without a search warrant, took his personal belongings, and set fire to his house in an attempt to serve him with an arrest warrant. *See* Compl. He further alleges that he contacted the Mayor of Mangum, Mary Jane Scott, via a messaging application and that she responded by stating she did not think she could help him. Plaintiff also alleges that Mangum Police Chief Scott Paxton refused to discipline Officer Miller or Officer Ditmore but fired Officer Rusty Rippetoe for contacting OSBI on Plaintiff's behalf. Last, he asserts that the Mangum Police Department is continuing to harass him by "placing bogus charges" on him.

Based on these allegations, the Complaint purports to bring claims under the Fourth, Eighth, Sixth, and Fourteenth Amendments against each Defendant. Defendants move for dismissal under Fed.R.Civ.P. 12(b)(6), asserting that Plaintiff has failed to state a plausible claim for relief.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing plausibility, a court must accept all well-pleaded factual allegations as true and construe them in the light most

favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, conclusory allegations are not entitled to the assumption of truth and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012); *see also Iqbal*, 556 U.S. at 678–79.

Further, in § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Indeed, "it is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)) (emphasis added by the court in *Pahls*).

## DISCUSSION

Because Plaintiff is acting *pro se*, his pleadings are generally held to a less stringent standard than pleadings drafted by lawyers. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). This relaxed standard does not, however, "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even liberally construed, Plaintiff's allegations fail to state a claim against the City of Mangum, Defendant Scott, or Defendant Paxton and fail to state a claim under the Sixth, Eighth, or Fourteenth Amendments against Defendants Miller and Ditmore.

### A. Claims Against the City of Mangum

"[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). Rather, to establish liability against a municipality under § 1983, a plaintiff must show "1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff has failed to identify any policy or custom of the City of Mangum that was the cause of his alleged injury. Accordingly, Plaintiff has failed to state a viable claim for municipal liability and the City of Mangum is entitled to dismissal.

### B. Claims Against Mayor Scott and Chief Paxton

Plaintiff does not identify whether he is asserting claims against Mayor Scott and Chief Paxton in their official or individual capacity. To the extent he intends to assert official capacity claims, those claims are duplicative of his claims against the City of Mangum. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Further, he has failed to plead any facts showing that Mayor Scott had the ability to establish policy for the City of Mangum's police department. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.").

To the extent Plaintiff intends to assert individual capacity claims, he has failed to allege facts showing that either Mayor Scott or Chief Paxton personally participated in the

events described in the Complaint. *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) ("Section 1983 claims against public officials must demonstrate some form of personal involvement on the part of the individual defendants."). The only allegation against Mayor Scott is that he communicated with her about this incident and that she indicated she could not help him. As to Chief Paxton, the Complaint only asserts that he failed to discipline the involved officers and that he fired another officer who contacted a state agency on Plaintiff's behalf. None of these allegations lead to a reasonable inference that these Defendants had any sort of personal involvement in the incident. Accordingly, Mayor Scott and Chief Paxton are entitled to dismissal.

**C. Claims Against Officers Ditmore and Miller**

Plaintiff asserts claims against Officers Ditmore and Miller under the Fourth, Sixth, Eighth, and Fourteenth Amendments. The Sixth Amendment provides criminal defendants with the right to a speedy trial, an impartial jury, and other important trial rights. *See Strickland v. Washington*, 466 U.S. 668, 685 (1984). The Eighth Amendment precludes the imposition of cruel and unusual punishment but applies only after "the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Bell v. Wolfish*, 441 U.S. 520, 537, n.16 (1979). The Complaint pleads no factual allegations that would implicate either of these amendments.

As for the Fourteenth Amendment, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing' such a claim." *Albright v. Oliver*, 510 U.S. 266 (1994)

(citations omitted). Here, the Complaint's limited facts suggest that Plaintiff was subjected to an unlawful arrest and use of excessive force. Those claims are properly addressed under specific provisions of the Fourth Amendment rather than a due process claim under the Fourteenth Amendment. Accordingly, Officers Ditmore and Miller are entitled to dismissal of Plaintiff's Sixth, Eighth, and Fourteenth Amendment Claims.

## CONCLUSION

As detailed above, Plaintiff has failed to state a claim against Defendants Scott, Paxton and City of Mangum and has failed to state a claim under the Sixth, Eighth, or Fourteenth Amendments against Defendants Ditmore and Miller. Accordingly, the Motion to Dismiss Plaintiff's Complaint by Defendant Mary Jane Scott [Doc. No. 18], Motion to Dismiss Plaintiff's Complaint by Defendant City of Mangum [Doc. No. 19], Motion to Dismiss Plaintiff's Complaint by Defendant Scott Paxton [Doc. No. 25], and Joint and Partial Motion to Dismiss Plaintiff's Complaint by Defendants Ditmore and Miller [Doc. No. 24] are **GRANTED**.

Defendants Scott, Paxton, and City of Mangum are DISMISSED WITHOUT PREJUDICE and Plaintiff's Sixth, Eighth, and Fourteenth Amendment claims against Defendants Ditmore and Miller are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 1st day of December, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge